# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ONTIVEROS-YARBROUGH,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br>Defendant.<br>_____/ | Case No. 1:15-cv-00798-SKO<br><br>**ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT**<br><br>(Doc. 24) |

Pending before the Court is Defendant's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) (the "Motion"). (Doc. 24.) For the reasons provided herein, the Court DENIES this Motion.

## I. BACKGROUND

The Court previously provided the full factual background for this case in its order entered on August 2, 2016 (the "Order"). (*See* Doc. 22 at 1–17.) As pertinent here, an administrative law judge (the "ALJ") found that Plaintiff was not disabled under the Social Security Act in a decision dated September 10, 2013. (*See* Doc. 9, Ex. 3 at 14–21.) During the residual functional capacity ("RFC") discussion at step four of the sequential evaluation analysis, the ALJ noted that two of Plaintiff's relatives—his mother, Concepcion Ontiveros, and his uncle, Camilo Ontiveros,

Jr.—provided lay testimony regarding Plaintiff's alleged disability. (*See id.* at 18.) The ALJ stated only the following regarding Mr. Ontiveros' testimony:

> [Plaintiff's] uncle, Camilo Ontiveros, Jr., reported that [Plaintiff] heard voices inside his head and inanimate objects spoke to him, but his medications seemed to help with his symptoms. He was stable, but his short-term memory was gone, and he was paranoid. He refused to take his medications and flushed them down the toilet.

(*Id.*) Following the ALJ's decision, the Appeals Council denied Plaintiff's request for review on March 19, 2015. (*See id.* at 2–4.)

On May 26, 2015, Plaintiff filed the Complaint in this Court. (Doc. 1.) The Court entered the Order on August 2, 2016. (Doc. 22.) In the Order, the Court found that the ALJ erred in his consideration of the lay testimony of Plaintiff's mother and uncle at step four of the sequential evaluation process and that these errors were not harmless. (*See id.* at 22–26.) In particular, as to the testimony of Plaintiff's uncle, the Court found that the ALJ erred by not "mak[ing] a credibility finding regarding" this testimony and that the "Court [was] unable to conclude that a reasonable ALJ could not have reached a different disability determination given the limitations described by Mr. Ontiveros." (*Id.* at 25–26.) The Court then found that the ALJ's decision was "not supported by substantial evidence," granted "Plaintiff's appeal from" Defendant's "administrative decision," and directed the Clerk "to enter judgment in favor of Plaintiff." (*Id.* at 26.)

Defendant filed its Motion requesting reconsideration of the Order on August 30, 2016. (Doc. 24.) Plaintiff subsequently filed his opposition to the Motion on September 29, 2016. (Doc. 26.) As such, the Motion is fully briefed and ready for disposition.

## II.  LEGAL STANDARD

In the Motion, Defendant requests that the Court reconsider its Order pursuant to Federal Rule of Civil Procedure 59(e). (*See* Doc. 24.) *See generally* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). "Rule 59(e) permits a district court to reconsider and amend a previous order . . . ." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). "To succeed" in a Rule 59(e) motion, "a party must

set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

However, "a motion for reconsideration may not be used to get a second bite at the apple." *Garcia v. Biter*, --- F. Supp. 3d ---, Case No. 1:13-cv-00599-LJO-SKO (PC), 2016 WL 3879251, at *2 (E.D. Cal. July 15, 2016) (quoting *Campion v. Old Republic Home Prot. Co.*, No. 09–CV–748–JMA(NLS), 2011 WL 1935967, at *1 (S.D. Cal. May 20, 2011)). "The purpose of Rule 59(e) is *not* to 'give an unhappy litigant one additional chance to sway the judge.'" *Id.* (quoting *Kilgore v. Colvin*, No. 2:12–cv–1792 CKD, 2013 WL 5425313, at *1 (E.D. Cal. Sept. 27, 2013)). As such, "[a] Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll*, 342 F.3d at 945; *see, e.g.*, *Garcia*, 2016 WL 3879251, at *2 (stating that Rule 59(e) "is not a method by which to raise arguments or present evidence for the first time when they could reasonably have been raised earlier, or to reargue an issue" (citations omitted)).

"[I]n certain limited circumstances, a court has discretion to reconsider its prior decisions." *Ameripride Servs., Inc. v. Valley Indus. Servs., Inc.*, No. 2:0-cv-00113-MCE-EFB, 2016 WL 4540557, at *1 (E.D. Cal. Aug. 30, 2016). Specifically, the Ninth Circuit identified the following "four grounds upon which a Rule 59(e) motion may be granted": (1) "the motion is necessary to correct manifest errors of law or fact upon which the judgment is based;" (2) "the moving party presents newly discovered or previously unavailable evidence;" (3) "the motion is necessary to prevent manifest injustice;" or (4) "there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (emphasis omitted) (citation omitted); *see also McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) ("A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." (citation omitted)).

In the present matter, Defendant argues that reconsideration is warranted under the first potential basis—clearly erroneous error of law or fact. (Doc. 24 at 2.) Under this potential ground for reconsideration, "[m]ere doubts or disagreement about the wisdom of a prior decision [are]

insufficient to warrant granting a Rule 59(e) motion." *Garcia*, 2016 WL 3879251, at *2 (citation omitted). "For a decision to be considered 'clearly erroneous' it must be more than just maybe or probably wrong; it must be dead wrong." *Id.* (citation omitted). "A movant must demonstrate a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Id.* (citation omitted).

Rule 59(e) "offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll*, 342 F.3d at 945 (citation omitted). "A district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e)." *Turner*, 338 F.3d at 1063 (citing *McDowell*, 197 F.3d at 1254 n.1).

### III. DISCUSSION

Defendant argues, in pertinent part, that the Court committed clear error when it found that the ALJ's decision was not supported by substantial evidence due to the ALJ's deficient analysis of the lay testimony of Plaintiff's uncle, Camilo Ontiveros, Jr.[1] (*See* Doc. 24 at 6–8.) The Court is not persuaded by Defendant's position for two reasons.

First, Defendant's arguments regarding the lay testimony of Mr. Ontiveros are simply a rehashing of the assertions Defendant raised in her initial briefing. (*Compare* Doc. 21 at 26–27 (constituting Defendant's arguments regarding the testimony of Mr. Ontiveros in its opposition brief to Plaintiff's opening brief), *with* Doc. 24 at 6–8 (providing Defendant's arguments relating to the testimony of Mr. Ontiveros in the Motion).) A Rule 59(e) motion is not the appropriate vehicle for a party to restate its previous arguments in the hope of obtaining a different result. *See, e.g.*, *Garcia v. Biter*, --- F. Supp. 3d ---, Case No. 1:13-cv-00599-LJO-SKO (PC), 2016 WL 3879251, at *1 (E.D. Cal. July 15, 2016) ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." (quoting *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003))). As the

---

[1] The Court notes that Defendant also argues in the Motion that the Court erred in its analysis regarding the lay testimony of Plaintiff's mother, Concepcion Ontiveros. (*See* Doc. 24 at 3–6.) As discussed herein, the Court finds that there was no error as to its analysis of the lay testimony of Mr. Ontiveros and, consequently, Plaintiff's appeal was properly granted. The Court therefore need not, and does not, address Defendant's additional arguments regarding the lay testimony of Ms. Ontiveros.

Court previously addressed these arguments, it declines to revisit that ruling through the lens of a Rule 59(e) motion.

Second, Defendant's arguments are without merit. The ALJ stated in his decision that Mr. Ontiveros provided lay testimony that Plaintiff "heard voices inside his head and inanimate objects spoke to him, but his medications seemed to help with his symptoms." (Doc. 9, Ex. 3 at 18.) Mr. Ontiveros further stated that Plaintiff "was stable, but his short-term memory was gone, and he was paranoid." (*Id.*) While the ALJ provided this testimony from Mr. Ontiveros in the RFC discussion, the ALJ failed to address what weight, if any, he accorded this testimony. (*See id.* at 17–19.) As noted by the Court in its Order, the ALJ's failure to adequately address Mr. Ontiveros' testimony in the RFC analysis constituted error. *See, e.g.*, *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." (citing *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996))).

Defendant nonetheless argues that the ALJ did not commit error because Mr. Ontiveros' "testimony was consistent with the ALJ's" other findings. (Doc. 24 at 6.) The Court disagrees. There is no indication in the ALJ's RFC analysis that he considered the entirety of Mr. Ontiveros' testimony, such as Mr. Ontiveros' statement that Plaintiff no longer had short-term memory. (*See* Doc. 9, Ex. 3 at 17–19.) In essence, Defendant requests that the Court make assumptions regarding how the ALJ took into account this testimony without any indication in the ALJ's decision that he either considered this testimony or decided to accord it less weight. The Court declines Defendant's invitation to make assumptions as to how the ALJ considered this testimony that are not grounded in the ALJ's decision. *See, e.g.*, *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (stating that "the ALJ, not the district court, is required to provide specific reasons for rejecting lay testimony" and courts "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision" (citations omitted)). The Court therefore finds that it did not commit manifest error of law or fact in the Order when the Court determined that the ALJ erred in his consideration of Mr. Ontiveros' testimony.

Defendant also argues that any error regarding the lay testimony of Mr. Ontiveros is harmless. The Court is again not persuaded by Defendant's position. The Ninth Circuit "ha[s] long recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citation omitted). In this context, the "general principle" is "that an ALJ's error is harmless where it is inconsequential to the ultimate nondisability determination." *Id.* (citations omitted). "In other words, in each case [courts] look at the record as a whole to determine whether the error alters the outcome of the case." *Id.*

In the instant case, the Court cannot determine whether the ALJ's failure to state what weight, if any, he accorded the lay testimony of Mr. Ontiveros was inconsequential to the ultimate disability finding. In particular, the ALJ offered no discussion whatsoever in his RFC analysis as to whether Mr. Ontiveros' statement regarding Plaintiff's short-term memory impairment was consistent with the ALJ's RFC finding. (*See* Doc. 9, Ex. 3 at 17–19; *cf. id.* at 18 (according "great weight to [a] State Agency consultant's opinion" that, in part, Plaintiff "could understand and remember simple instructions and tasks").) Given the ALJ's silence regarding the value of Mr. Ontiveros' testimony, the Court cannot determine whether the ALJ's error as to Mr. Ontiveros' lay testimony was inconsequential to the ALJ's finding regarding disability. *Cf. Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) (noting that the Ninth Circuit has "never found harmless an ALJ's silent disregard of lay testimony about how an impairment limits a claimant's ability to work" (citation omitted)). To the contrary, the ALJ may have altered his disability finding if he accorded any weight to Mr. Ontiveros' testimony. Given the relative silence from the ALJ as to Mr. Ontiveros' potentially material testimony, the Court must find that the ALJ's error in failing to discuss what weight, if any, he accorded to this testimony was not harmless. *See, e.g.*, *Stout*, 454 F.3d at 1056 (holding that "where the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination"). As such, the Court finds that it did not commit manifest error of law or fact in the Order by determining that the ALJ's errant analysis of Mr. Ontiveros' testimony was not harmless error.

In summary, the Court finds that it did not commit manifest error of law or fact in the Order when it found that (1) the ALJ erred in omitting any discussion regarding the weight he accorded to Mr. Oliveros' lay testimony; and (2) this error was not harmless.  Accordingly, Defendant's Motion requesting the Court to reconsider its August 2, 2016 Order is properly denied.

## IV.   CONCLUSION

For the reasons provided above, the Court DENIES Defendant's Motion.  (Doc. 24.)

IT IS SO ORDERED.

Dated:   **November 29, 2016**                              /s/ *Sheila K. Oberto*
                                                                       UNITED STATES MAGISTRATE JUDGE