# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ONTIVEROS-YARBROUGH,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>Defendant.<br>_____/ | Case No. 1:15-cv-00798-SKO<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**<br><br>(Doc. 28) |

After successfully obtaining reversal of an Administrative Law Judge's ("ALJ") decision denying his application for Social Security disability benefits and following the Court's ruling denying Defendant's motion to alter or amend judgment, Plaintiff filed an application for an award of attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $6,017.63. (*See* Doc. 28 at 6 (seeking an award of $6,011.59 in total fees (31.35 hours in attorney time) and $6.04 in costs).)

On March 30, 2017, Defendant filed an opposition asserting that Plaintiff is not entitled to EAJA fees and costs because Defendant's position was "substantially justified." (Doc. 31.) On April 14, 2017, Plaintiff filed a reply brief, which requested a supplemental EAJA award of $674.38 for 3.5 hours spent on the reply brief, for a revised total award of $ 6,692.01. (Doc. 32.)

For the reasons set forth below, Plaintiff's application for EAJA fees and expenses is GRANTED.

//

**I. BACKGROUND**

Plaintiff filed this action on May 26, 2015, seeking judicial review of a final administrative decision denying his application for Social Security disability benefits. On August 2, 2016, the Court issued an order reversing the ALJ's decision and remanding the case for award or benefits based on the ALJ's failure to articulate specific and germane reasons for rejecting lay witnesses' testimony. (Doc. 22.) On August 30, 2016, Defendant filed a motion to alter or amend judgment, contending that the Court committed clear error when it found that the ALJ's decision was not supported by substantial evidence due to the ALJ's improper rejection of the lay testimony of Plaintiff's mother and the ALJ's deficient analysis of the lay testimony of Plaintiff's uncle. (Doc. 24.) On November 30, 2016, the Court denied Defendant's motion for reconsideration, again finding that the ALJ failed to address what weight, if any, he accorded Plaintiff's uncle's testimony.[1] (Doc. 27 at 5 (citing *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).)

On February 28, 2017, Plaintiff filed a motion for EAJA fees and expenses, seeking a total award of $6,017.63. (*See* Doc. 28 at 6 (seeking an award of $6,011.59 in total fees (31.35 hours in attorney time) and $6.04 in costs); *see also* Doc. 32 (seeking an additional award of $674.38 for 3.5 attorney hours spent on the reply brief, for a revised total award of $6,692.01).) Defendant filed an opposition asserting Plaintiff is not entitled to EAJA fees and costs because Defendant's "findings were substantially justified." (Doc. 31 at 2.) It is Plaintiff's motion for attorney fees and expenses under the EAJA that is currently pending before the Court.

**II. LEGAL STANDARD**

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). "It is the government's burden to show that its position was

---

[1] In its order denying Defendant's motion for reconsideration, the Court expressly declined to address Defendant's additional arguments regarding the lay testimony of Plaintiff's mother, as it found there was no error as to Court's analysis of the lay testimony of Plaintiff's uncle and consequently that Plaintiff's appeal was properly granted. (*See* Doc. 24 at 4 n.1.)

2

substantially justified or that special circumstances exist to make an award unjust." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

A "party" under the EAJA is defined as including "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed[.]" 28 U.S.C. § 2412(d)(2)(B)(i). The term "fees and other expenses" includes "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case." *Atkins v. Apfel*, 154 F.3d 986, 987 (9th Cir.1998) (citing 28 U.S.C. §§ 2412(d)(1)(C) & 2412(d)(2)(D)).

A party who obtains a remand in a Social Security case is a prevailing party for purposes of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993) ("No holding of this Court has ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant to sentence four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff"). "An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." *Gutierrez*, 274 F.3d at 1257.

### III. ANALYSIS

There is no dispute Plaintiff is the prevailing party in this litigation. Moreover, the Court finds Plaintiff did not unduly delay this litigation, and Plaintiff's net worth did not exceed two million dollars when this action was filed. The Court thus considers below whether Defendant's actions were substantially justified.

**A. The Government's Position was Not Substantially Justified**

Defendant contends Plaintiff is not entitled to EAJA fees because Defendant's litigation position and underlying administrative decision were substantially justified. Substantial justification means "justified in substance or in the main -- that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks and citation omitted). In other words, the government's position must have a reasonable basis both in fact and in law. *Id.* In considering whether the position of the government is

3

substantially justified, the position of the United States includes "both the government's litigation position and the underlying agency action giving rise to the civil action." *Meier v Colvin*, 727 F.3d 867, 870 (9th Cir. 2013).

In the social security context, it is the ALJ's decision that is considered the "action or failure to act" by the agency. *Id.* Under the substantial justification test, the court first considers the ALJ's decision and then considers the government's litigation position in defending that decision. *Id.* Where the underlying ALJ decision is not substantially justified, a court need not address whether the government's litigation position was justified. *Id.* at 872 (citing *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008) ("The government's position must be substantially justified at each stage of the proceedings" (internal quotation marks and citation omitted)).

Pursuant to *Meier*, determining whether the agency's position was substantially justified requires first examining the ALJ's decision for substantial justification. 727 F.3d at 870. Here, as detailed in the Court's prior orders, the ALJ committed legal error by failing to articulate sufficiently specific or germane reasons to allow the Court to conclude that he rejected both Plaintiff's mother's and Plaintiff's uncle's testimony on permissible grounds. (*See* Docs. 22 & 27.) An ALJ's disregard of competent lay witness testimony without providing a germane reason for doing so is the type of fundamental agency error that is difficult to consider substantially justified. *See, e.g., Snyder ex rel. Walker v. Comm'r of Soc. Sec.*, No. 2:12–cv–0186–KJN, 2013 WL 4676356, at *2 (E.D. Cal. Aug. 30, 2013) ("[T]he ALJ failed to provide germane reasons for discounting the opinions of plaintiff's teachers, who as lay witnesses worked closely with plaintiff on an almost daily basis in different subjects and during different school years. Furthermore, the ALJ failed to provide germane reasons for discounting the testimony of plaintiff's mother . . . . As such, the Commissioner's position during the administrative proceedings, and its defense of that position in the litigation before this court, were not substantially justified."); *Krauze v. Astrue*, No. CV11–1197–PHX–DGC, 2012 WL 5512270, at *2 (D. Ariz. Nov. 14, 2012) (concluding that the government's position with respect to a lay witness's testimony was not substantially justified, and therefore granting the plaintiff's application for EAJA fees, where the ALJ considered the testimony of [the lay witness] but erred in failing to specify how the testimony affected the

decision); *Hudson v. Astrue*, No. 3:09–CV–1146–MA, 2011 WL 6887135, at *1 (D. Or. Dec. 29, 2011) (concluding the Commissioner was not substantially justified and awarding the plaintiff attorney's fees under EAJA where the ALJ "rejected the lay evidence of plaintiff's mother corroborating the existence of those impairments and plaintiff's resulting difficulty in paying attention or following instructions without giving any germane reason for doing so," among other errors.).

That Defendant believed her litigation position before the Court was substantially justified does not vitiate the error at the administrative level. *Williams v.* Bowen, 966 F.2d 1259, 1261 (9th Cir. 1991) (government's position must be "substantially justified" at "each stage of the proceedings"). Moreover, with respect to Defendant's assertion that it was substantially justified in defending an argument advanced by Plaintiff that the Court ultimately rejected, *see* Doc. 31 at 2, Defendant cites no authority that a court may decline to award fees under EAJA based on substantial justification for *some portion* of the government's litigation conduct in defending the agency action. To the extent that Defendant contends Plaintiff's hours should be reduced for this reason, the Court rejects such contention. *See, e.g., Brown v. Colvin*, No. 1:14-cv-01288-DAD-SKO, 2016 WL 3152634, at *3 (E.D. Cal. June 6, 2016) ("Substantial justification is one of the threshold statutory requirements to determine whether EAJA fees are awardable; it is not a basis to carve out hours spent by the prevailing party in responding to what Defendant asserts was a substantially justified litigation position.") (citing *INS v. Jean*, 496 U.S. 154, 166 (1990) ("'substantial justification' requirement of the EAJA establishes a clear threshold for determining a prevailing party's eligibility for fees")).

Therefore, having concluded that Defendant's position was not substantially justified, and that there are no other special circumstances that would make an award of EAJA fees unjust, the Court finds that Plaintiff is entitled to an award of fees and costs pursuant to the EAJA.

**B.  The Hours Expended by Plaintiff's Counsel are Reasonable**

Plaintiff seeks a total award of seeking an award of $6,692.01, comprised of 34.85 hours of attorney time and $6.04 in costs. (Doc. 28 at 6 (original request); Doc. 32 at 5 (additional request).) Defendant makes no argument in its opposition challenging the reasonableness of the

fees and costs sought by Plaintiff. (*See* Doc. 31.)

The EAJA provides for an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)(A). By statute, hourly rates for attorney fees under EAJA are capped at $125 per hour, but district courts are permitted to adjust the rate to compensate for increases in the cost of living.[2] 28 U.S.C. § 2412(d)(2)(A); *Sorenson v. Mink*, 239 F.3d 1140, 1147-49 (9th Cir. 2001); *Atkins*, 154 F.3d at 987. Determining a reasonable fee "requires more inquiry by a district court than finding the 'product of reasonable hours times a reasonable rate.'" *Atkins*, 154 F.3d 988 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The district court must consider "the relationship between the amount of the fee awarded and the results obtained." *Id*. at 989.

Here, Plaintiff's attorney obtained an order remanding the action for further administrative action, which is a good outcome for Plaintiff. (Docs. 22 & 27.) There is no indication that a reduction of the award is warranted due to any substandard performance by Plaintiff's counsel as counsel secured a successful result for Plaintiff. There is also no evidence that Plaintiff's counsel engaged in any dilatory conduct resulting in delay.

The claimed total of 34.85 attorney hours represents a reasonable amount of time for an attorney to expend on this particular matter, *see, e.g., Vallejo v. Astrue*, No. 2:09-cv-3088 KJN, 2011 WL 4383636, at *4 (E.D. Cal. Sept. 20, 2011) (declining to "conduct a line-by-line analysis" of billing entries to determine all 62.6 hours of attorney time spent on the litigation were justified), and are well within the limit of what would be considered a reasonable amount of time spent on this action when compared to the time devoted to similar tasks by counsel in like Social Security appeals before this court, *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (noting "[m]any district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases") (citing *Patterson v. Apfel*, 99 F.Supp.2d 1212, 1214 n.2 (C.D. Cal. 2000) (collecting district court cases)); *see also Thompson v. Colvin*, No.

---

[2] Pursuant to *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005), and the Ninth Circuit Rule 39-1.6, the Ninth Circuit maintains a list of the statutory maximum hourly rates authorized under the EAJA, as adjusted annually to incorporate increases in the cost of living. The rates are found on that court's website: http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039. Plaintiff requests an hourly rate of $190.28 for attorney work performed in 2015 and an hourly rate of $192.68 for attorney work performed in 2016. These rates are consistent with the statutory maximum rates as set forth by the Ninth Circuit.

| | |
|---|---|
| 1 | 2:12-cv-01850-AC, 2015 WL 1767733, at *2 (E.D. Cal. Apr. 16, 2015) (finding 63.4 hours to be |
| 2 | reasonable); *Boulanger v. Astrue*, 2:07-cv-0849-DAD, 2011 WL 4971890, at *2 (E.D. Cal. Oct. |
| 3 | 19, 2011) (finding 58 hours to be a reasonable amount of time); *Valleyjo v. Astrue*, No. 2:09-cv- |
| 4 | 03088 KJN, 2011 WL 4383636, at *5 (E.D. Cal. Sept. 20, 2011) (finding 62.1 hours to be |
| 5 | reasonable). |

Plaintiff will be awarded EAJA fees for 34.85 total attorney hours for time spent on the litigation and costs in the amount of $6.04, for a total EAJA award in the amount of $6,692.01.

## IV. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's motion for EAJA fees and expenses is GRANTED in the amount of $6,692.01.

IT IS SO ORDERED.

Dated: **April 25, 2017**            /s/ *Sheila K. Oberto*
                                     UNITED STATES MAGISTRATE JUDGE